T.C. Summary Opinion 2004-20


UNITED STATES TAX COURT


MAHMUD AHMED, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16578-02S.          Filed March 3, 2004.


Mahmud Ahmed, pro se.

Diana P. Hinton, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency of $2,399 in petitioner's 2001 Federal income tax. After concessions,[2] the issues are whether petitioner is entitled to (1) head of household filing status, and (2) an earned income credit (EIC). Petitioner resided in Brooklyn, New York, at the time the petition was filed.

The applicable facts may be summarized as follows. During 2001, petitioner was married to Rehana Akhter (Ms. Akhter) and resided with her and their two daughters in Brooklyn, New York. Ms. Akhter is not a U.S. citizen. Petitioner filed his 2001 Federal income tax return as head of household, claimed dependency exemption deductions for his two daughters, and claimed an EIC of $3,870 with his daughters as qualifying children. Respondent disallowed the dependency exemption deductions and the EIC and changed petitioner's filing status to single.

Head of Household

An "individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year". Sec. 2(b)(1). A "taxpayer shall be considered as

---

[2] Respondent concedes that petitioner is entitled to dependency exemption deductions under sec. 151 with respect to his two daughters. The parties agree that with respect to Schedule C, Profit or Loss From Business, petitioner had $13,949.05 of taxable income, is liable for $1,971 of self-employment tax, and is entitled to a deduction of $986 for self-employment taxes under sec. 164(f).

not married * * * if at any time during the taxable year his spouse is a nonresident alien".  Sec. 2(b)(2)(C).

For purposes of Federal income taxation, an individual is a nonresident alien if the individual is "neither a citizen of the United States nor a resident of the United States".  Sec. 7701(b)(1)(B).  To determine residency, an alien individual is a resident of the United States if the individual meets the "substantial presence test".  Sec. 7701(b)(1)(A)(ii).  "[A]n individual meets the substantial presence test * * * if--(i) such individual was present in the United States on at least 31 days during the calendar year, and" applying a mathematical formula, was present during the current year and the preceding 2 years for 183 days or more.  Sec. 7701(b)(3)(A).  Ms. Akhter resided with petitioner in the United States during all of 2001 and in the preceding 2 years and is a resident alien.  Petitioner, therefore, was married and does not qualify for the head of household filing status.  Respondent's determination is sustained.

## Earned Income Credit

An EIC is eligible to a married individual "only if a joint return is filed for the taxable year under section 6013."  Sec.

32(d).  Petitioner was a married individual who did not file a joint return for 2001.  Therefore, petitioner is not entitled to an EIC, and respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.